| | |
|---|---|
| Frank E. Scherkenbach<br>(CAB #142549; scherkenbach@fr.com)<br>FISH & RICHARDSON P.C.<br>225 Franklin Street<br>Boston, Massachusetts 02110-2804<br>Telephone: (617) 542-5070<br>Facsimile:  (617) 542-8906<br><br>Howard G. Pollack<br>(CAB #162897; pollack@fr.com)<br>Michael R. Headley<br>(CAB #220834; headley@fr.com)<br>S. Kameron Parvin<br>(CAB #232349; parvin@fr.com)<br>FISH & RICHARDSON P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, California 94063<br>Telephone: (650) 839-5070<br>Facsimile:  (650) 839-5071<br><br>Attorneys for Plaintiff<br>POWER INTEGRATIONS, INC. | E. Robert Yoches<br>(bob.yoches@finnegan.com)<br>FINNEGAN, HENDERSON, FARABOW,<br>   GARRETT & DUNNER, L.L.P.<br>901 New York Avenue, NW<br>Washington, D.C. 20001-4413<br>Telephone:  (202) 408-4000<br>Facsimile:   (202) 408-4400<br><br>Erik R. Puknys<br>(CAB #190926; erik.puknys@finnegan.com)<br>FINNEGAN, HENDERSON, FARABOW,<br>   GARRETT & DUNNER, L.L.P.<br>3300 Hillview Ave<br>Palo Alto, CA 94304<br>Telephone: (650) 849-6600<br>Facsimile: (650) 849-6666<br><br>Attorneys for Defendants<br>BCD SEMICONDUCTOR<br>MANUFACTURING CORPORATION, and<br>SHANGHAI SIM-BCD SEMICONDUCTOR<br>MANUFACTURING, CO., LTD |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# (SAN FRANCISCO DIVISION)

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>BCD SEMICONDUCTOR MANUFACTURING CORPORATION, a California corporation, SHANGHAI SIM-BCD SEMICONDUCTOR MANUFACTURING, CO., LTD, a China corporation,<br><br>            Defendants. | No. C 07-03137 WHA<br><br>**JOINT STIPULATED RULE 26(f)/CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:     October 18, 2007<br>Time:    11:00 a.m.<br>Place:   Courtroom 9, 19th Floor<br>Judge:   Honorable William Alsup |

Pursuant to the Court's August 28, 2007, Order and the Clerk's Notice of September 7, 2007, the parties in the above-entitled action, Plaintiff Power Integrations, Inc. ("Power Integrations") and Defendants BCD Semiconductor Manufacturing Corporation ("BCD California")

and Shanghai SIM-BCD Semiconductor Manufacturing, Co., Ltd. ("BCD Shanghai") (collectively referred to herein as "BCD"), jointly submit this Joint Case Management Statement and Proposed Order addressing the topics identified in recently amended Local Rule 16-9 and Federal Rule of Civil Procedure 26(f).

**DESCRIPTION OF THE CASE**

**1.    JURISDICTION AND SERVICE**

This action arises under the patent laws of the United States, Title 35 U.S.C. § 1 *et seq*. The parties agree that Power Integrations' complaint sets forth various claims for infringement of United States patents, over which this Court has subject matter jurisdiction under 28 U.S.C. § 1338(a). Service is complete. No issues exist regarding personal jurisdiction or venue with regard to BCD California. Counsel for BCD is currently investigating potential jurisdictional and venue issues with regard to BCD Shanghai.

**2.    FACTS**

Power Integrations filed this suit on June 14, 2007, accusing Defendants of directly and indirectly infringing Power Integrations' U.S. Patent Nos. 6,107,851 (the "'851 patent"), 6,249,876 (the "'876 patent"), and 5,313,381 (the "'381 patent") (collectively, "the Patents-in-suit") by the manufacture, use, sale, offering for sale, and/or importation of devices, including PWM controller integrated circuit devices, covered by one or more claims of the Patents-in-suit, all to the injury of Power Integrations. There are no related *inter parties* administrative proceedings involving Power Integrations and BCD.

**3.    LEGAL ISSUES**

Power Integrations alleges that BCD infringes the three Patents-in-suit. The following issues are presented by Power Integrations' complaint: (a) whether BCD infringes the Patents-in-suit under 35 U.S.C § 271; (b) whether the Patents-in-suit are valid and enforceable; (c) if the Patents-in-suit are infringed, valid, and enforceable, what is the appropriate amount of damages suffered by Power Integrations; and (d) whether other remedies, including permanent injunctive relief, are appropriate.

/ / /

4.   **PROCEDURAL HISTORY AND MOTIONS**

Power Integrations filed its complaint on June 14, 2007 and served BCD California on September 10, 2007. BCD Shanghai accepted service on September 24, 2007, and Power Integrations has stipulated to extend the date for which both Defendants can answer the complaint through December 24, 2007, the date on which the 90-day period provided under Rule 4 expires. Defendants have not yet answered. There are no pending motions.

After Power Integrations declined to proceed before a Magistrate Judge on July 23, 2007, the case was reassigned to this Court, at which time the Court rescheduled the initial case management conference from September 17 to September 20, 2007. [Docket # 6] By joint stipulation, the parties requested that the initial case management conference be continued to November 8, 2007. [Docket #8] But the Court instead moved the case management conference forward to September 13, 2007. [Docket #9] Power Integrations then filed an *ex parte* motion again requesting that the initial case management conference be continued to November 8, 2007 [Docket #10], and on August 28, 2007 the Court rescheduled the initial case management conference to October 4, 2007. [Docket #12] On September 7, 2007, the initial case management conference was rescheduled for October 18, 2007, per a Clerk's Notice filed that same day. [Docket #13]

At this point, it is too early to determine whether the parties will file any further motions. Nevertheless, BCD expects that it will file motions for summary judgment on the issues of infringement, validity, and willfulness. Further, BCD is considering whether to request a stay or partial stay of this litigation pending the outcome of reexamination proceedings that are currently being conducted by the United States Patent and Trademark Office ("PTO"). *See infra* § 10.

5.   **AMENDMENT OF PLEADINGS**

To date, no discovery has taken place. The extent to which claims or defenses are expected to be added or dismissed will depend on the facts discovered in this case.

6.   **EVIDENCE PRESERVATION**

The parties have been advised not to destroy evidence relevant to the issues reasonably evident in this action, including putting a litigation hold on document destruction programs and

electronic evidence.

**7.    DISCLOSURES**

The parties expect to exchange initial disclosures in full and timely compliance with the requirements of Fed. R. Civ. P. 26 on October 11, 2007. The parties' initial disclosures will include a list of individuals likely to have discoverable information that the parties may use to support their claims or defenses. In accordance with Fed. R. Civ. P. 26(A)(1)(B), the parties' initial disclosures will also identify categories of documents that they may use to support their claims or defenses. Because there has been no discovery to date, any calculation of damages to be included in Power Integrations' initial disclosures would be premature and will therefore not be included.

**8.    DISCOVERY**

**8.1    Scope of Discovery Taken to Date**

To date, there has been no discovery.

**8.2    Scope of Anticipated Discovery**

The parties' proposed schedule is set forth below in Section 8.4.

Plaintiff's Proposal: Power Integrations intends to seek discovery on at least the following general subjects:

- Technical information related to Defendants' PWM integrated circuits, including the design, operation, testing, simulation, and manufacture thereof;

- Activities of Defendants related to the manufacture, use, sale, offer for sale, marketing, and importation of Defendants' PWM integrated circuits in or into the United States, including California.

- The identity of individuals involved in, and their involvement in, the design, operation, testing, simulation, manufacture, use, sale, offer for sale, marketing, and/or importation of Defendants' PWM integrated circuits.

- The relationship between each of BCD Semiconductor Manufacturing Corporation, Shanghai SIM-BCD Semiconductor Manufacturing Co., Ltd., and third-party distributors of Defendants' PWM integrated circuits.

Defendants' Proposal:  BCD California and, to the extent there is jurisdiction over BCD Shanghai and venue is proper, BCD Shanghai intend to seek discovery on at least the following general subjects:

- Power Integrations' infringement allegations;

- The validity and enforceability of the Patents-in-suit;

- The prosecution of the Patents-in-suit;

- The development and commercialization of the technologies, devices, and methods described and claimed in the Patents-in-suit;

- The development and commercialization of third-party technology and devices relevant to the Patents-in-suit, including prior art relevant to the Patents-in-suit and non-infringing alternatives to the devices and methods claimed in the Patents-in-suit;

- Power Integrations' allegations of damages and other harm it claims to have suffered.

**8.3    Proposed Limitations or Modifications of the Discovery Rules**

The parties agree that, to the extent there is jurisdiction over BCD Shanghai and venue is proper, BCD California and BCD Shanghai should be treated as a single party for purposes of determining the following discovery limits.

The parties agree that the relevant limitations on discovery as set forth in the Federal Rules of Civil Procedure are appropriate for use in this case and need not be modified.   Power Integrations proposes that the number of interrogatories should be limited to the presumptive limit of twenty-five (25) interrogatories as set forth in Rule 33(a) of the Federal Rules of Civil Procedure. The parties further agree that the presumptive limit of seven (7) hours per deposition set forth in Rule 30(d)(2) should be instituted for fact witnesses in this case and that the limit of ten (10) depositions set forth in Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure be applied as well.

Power Integrations proposes that depositions of each expert shall be limited to a total of fourteen (14) hours, and that depositions taken pursuant to Rule 30(b)(6) be limited to seven (7) hours for each designated witness, not including the time spent deposing any such witness in his or her personal capacity.  BCD submits that the presumptive limit of seven (7) hours should apply to expert witnesses (which, of course, can be extended to a longer period of time if that should prove necessary) and that this Court's standing order concerning 30(b)(6) depositions is appropriate for this case.

/ / /

**8.4   Proposed Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)**

The parties propose the following dates for this case.

| EVENT (Patent Local Rule) | DATE |
| --- | --- |
| Preliminary Infringement Contentions (3-1, 3-2) | Nov. 15, 2007 |
| BCD to Answer or Otherwise Respond to Complaint | December 24, 2007 |
| Preliminary Invalidity Contentions (3-3) | January 4, 2008 |
| Exchange Claim Terms (4-1) | January 14, 2008 |
| Exchange Preliminary Claim Constructions (4-2) | February 5, 2008 |
| File Joint Claim Construction Statement (4-3) | February 29, 2008 |
| Close of Claim Construction Discovery (4-4) | March 24, 2008 |
| File Patentee's Claim Construction Brief (4-5a) | March 31, 2008 |
| File Opposing Claim Construction Brief (4-5b) | April 14, 2008 |
| File Reply Claim Construction Brief (4-5c) | April 23, 2008 |
| Claim Construction Hearing (4-6) | May 8, 2008 |
| Deadline to Amend Pleadings | July 25, 2008 |
| Fact Discovery Cut-Off | July 25, 2008 |
| Expert Reports | October 3, 2008 |
| Rebuttal Expert Reports | October 31, 2008 |
| Expert Discovery Cut-Off | November 28, 2008 |
| Deadline for Filing Dispositive Motions | January 9, 2009 |
| Deadline to meet and confer re trial issues, including joint final pretrial conference statement and proposed order and coordinated submission of trial exhibits and other material; lodging of exhibits and other trial materials; serving and filing requested voir dire questions, jury instructions, and forms of verdict; serving and filing statements designating excerpts from depositions, interrogatory answers, and responses to requests for admission to be offered at the trial other than for impeachment or rebuttal; advising and conferring with opposing party re any objections to receipt into evidence of any proposed testimony or exhibit | To be determined based on the Court's trial schedule |
| Joint Pretrial Conference Statement Due / Deadline to File Motions in Limine | Court to determine |
| Pretrial Conference | Court to determine |
| Trial | Court to determine |

/ / /

/ / /

/ / /

**8.5     Other Stipulations**

The parties have reached the following agreements:

8.5(a)   Protective Order

The parties are currently working together on the form of a stipulated Protective Order and expect to be able to submit a proposed Order for the Court's approval in advance of the case management conference.  The parties agree that the protective order should include a "claw back" provision to prevent the inadvertent disclosure of documents or other information subject to a claim of privilege, work-product protection, or confidentiality from being deemed a waiver or impairment of any claim of privilege or other protection

8.5(b)   E-discovery and Electronic Document Retention

The parties recognize that the burden of suspending normal policies regarding electronic backup systems for disaster recovery outweighs the potential relevance of documents that might only be captured by some interim backup on an unknown date.  Therefore, the parties agree that they can continue to utilize their standard disaster recovery systems, and specifically agree that each party may continue to recycle backup tapes per their standard disaster recovery systems protocol; provided however, that each party shall retain throughout the litigation one set of backup tapes from its disaster recovery systems from a standard backup performed during the month of October 2007.

8.5(c)   Electronic File Searching

The parties agree that each party may use reasonable keyword searching to identify electronic documents reasonably likely to have discoverable information regarding the subject matter of this lawsuit.

8.5(d)   Form of Production of Electronic Documents

The parties anticipate producing most documents in an electronic format such as PDF or TIFF files – specifically a form that preserves the page breaks between documents and otherwise allows to documents to be identified.  The parties further agree that the electronically produced files do not need to be OCR'd prior to production.  The parties also anticipate producing certain documents in their native format and will meet and confer regarding such production as necessary and appropriate.

**9.    CLASS ACTION**

This is not a class action case.

**10.    RELATED CASES**

Power Integrations has sued Fairchild Semiconductor Corporation and Fairchild Semiconductor International (collectively, "Fairchild") in the United States District Court for the District of Delaware, CA No. 04-1371-JJF, for infringement of two of the patents-in-suit, the '876 Patent and the '851 Patent. On October 10, 2006, a Jury found that Fairchild willfully infringed both the '876 and the '851 patent, and another Jury affirmed the validity of the '876 and '851 patents on September 21, 2007. Given the stage of the proceedings in Delaware, Power Integrations does not believe that there will be an undue duplication of effort or expense, or conflicting results, if the two cases are conducted before different judges.

The third patent-in-suit, the '381 patent, was previously asserted by Power Integrations and found valid and infringed by a jury in the matter of *Power Integrations, Inc. v. Motorola, Inc.*, Case No. CA98-490 JJF (D. Del., Oct. 16, 1999).

Further, two of the three patents involved in this action (the '876 and the '851 patents) are also involved in reexamination proceedings (Reexamination Nos. 90/008326 and 90/008324). In December 2006, the PTO determined that there existed a "substantial new question of patentability" for both the '876 and '851 patents. Both reexamination files were then forwarded to an Examiner for further review. No Office Action has yet been issued in either reexamination.

**11.    RELIEF**

<u>Plaintiff's Statement</u>: Power Integrations will seek damages and injunctive relief for Defendants' alleged infringement. Damage calculations will depend on the information in the possession of Defendants, which has not yet been provided to Power Integrations. Damages will be based on lost profits or, at a minimum, a reasonable royalty. Lost profits will be based on the profits Power Integrations lost as a result of Defendants' infringing sales and by price erosion due to the presence of an infringing competitor in the market. It would be premature to estimate the amount of damages at this time.

///

Defendants' Statement: BCD believes that Power Integrations is not entitled to any damages or any other relief it has asked for in its complaint. Accordingly, BCD will ask this Court to enter judgment in BCD's favor and award BCD the attorneys fees and costs BCD incurred in defending itself in this action.

## 12. SETTLEMENT AND ADR

The parties filed a Stipulation and Proposed Order Selecting an ADR process on August 27, 2007. The parties selected a Private ADR process, specifically, private mediation by a mediation provider to be mutually selected by the parties. To maximize the likelihood for success of the ADR process, the parties further requested that the Court set the deadline to hold the ADR session to sixty (60) days after the issuance of the Court's Claim Construction Order.

## 13. CLAIM CONSTRUCTION

As this is a patent case, a claim construction hearing will be necessary. The parties do not believe any live testimony will be necessary for the claim construction hearing. Power Integrations does not believe there is any need for expert or other special discovery related to claim construction. BCD believes that some expert discovery may be required in the event that one or more of the parties intends to rely on an expert's opinion, for example, an expert's opinion concerning the ordinary meaning of a claim term to a person of skill in the technology of the Patents-in-suit. Because Power Integrations is both Plaintiff and patentee, Power Integrations should be the first party to present at the hearing on claim construction

## 14. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to proceed before a Magistrate Judge.

## 15. OTHER REFERENCES

This being a patent case, the parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 16. NARROWING OF ISSUES AND EXPEDITED SCHEDULE

To date, the parties have not identified any issues that can be narrowed by agreement or by motion, nor do the parties currently have any suggestions to expedite the presentation of evidence at trial.

**17.   TRIAL**

Power Integrations has requested that this case be tried to a jury. Because of the number of patents in the case and the complexity of the issues in the case, the parties expect that the trial may last up to two (2) weeks.

**18.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties state that other than Power Integrations, Inc. and the named Defendants, it is not aware of any person, associations, firms, partnerships, corporations, or other entities known to have either (1) financial interest in the subject matter at issue or in a party to the proceeding; or (2) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**19.   CURRENT SERVICE LIST**

Power Integrations' counsel may be served at:

>Howard G. Pollack (CAB #162897; pollack@fr.com)
>Michael R. Headley (CAB #220834; headley@fr.com)
>S. Kameron Parvin (CAB #232349; parvin@fr.com)
>FISH & RICHARDSON P.C.
>500 Arguello Street, Suite 500
>Redwood City, California 94063
>Telephone: (650) 839-5070
>Facsimile: (650) 839-5071
>
>Frank E. Scherkenbach (CAB #142549; scherkenbach@fr.com)
>FISH & RICHARDSON P.C.
>225 Franklin Street
>Boston, Massachusetts 02110-2804
>Telephone: (617) 542-5070
>Facsimile: (617) 542-8906

Defendants' counsel may be served at:

>E. Robert Yoches (bob.yoches@finnegan.com)
>FINNEGAN, HENDERSON, FARABOW,
>  GARRETT & DUNNER, L.L.P.
>901 New York Avenue, NW
>Washington, D.C. 20001-4413
>Telephone: (202) 408-4000
>Facsimile: (202) 408-4400
>
>Erik R. Puknys (CAB #190926; erik.puknys@finnegan.com)
>FINNEGAN, HENDERSON, FARABOW,
>  GARRETT & DUNNER, L.L.P.
>3300 Hillview Ave
>Palo Alto, CA 94304
>Telephone: (650) 849-6600
>Facsimile: (650) 849-6666

Dated October 11, 2007

By: /s/ Howard G. Pollack
Howard G. Pollack
FISH & RICHARDSON P.C.

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

By: /s/ Erik R. Puknys
Erik R. Puknys
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.

Attorneys for Defendants
BCD SEMICONDUCTOR
MANUFACTURING CORPORATION and
SHANGHAI SIM-BCD SEMICONDUCTOR
MANUFACTURING, CO., LTD.

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Erik R. Puknys.

Dated: October 11, 2007

/s/ Howard G. Pollack
Howard G. Pollack
FISH & RICHARDSON P.C.

Attorney for Plaintiff
POWER INTEGRATIONS, INC.

**ORDER**

IT IS SO ORDERED.

Dated: _____

HONORABLE WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

50435783.doc